J-A11015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD ALLEN BARLIP | : | No. 1592 MDA 2025 |
| | : | |

Appeal from the Order Entered October 23, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000264-2025

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JULY 27, 2026**

The Commonwealth of Pennsylvania appeals from the order entered by the Schuylkill County Court of Common Pleas ("trial court") dismissing all charges against Donald Allen Barlip ("Barlip") based on a violation of Pennsylvania Rule of Criminal Procedure 600. On appeal, the Commonwealth argues that it did not violate Rule 600, as the delay in filing the second criminal complaint in this matter was necessary to investigate all possible charges against him. Because we agree with the trial court's conclusion that the Commonwealth did not exercise due diligence in filing the second complaint, we affirm.

The trial court summarized the pertinent facts and procedural history of this case as follows:

[Barlip] was arrested on February 4, 2024, by Trooper Justin Duncan of the Pennsylvania State Police. Trooper Duncan received a call reporting suspected domestic violence in Ashland, Pennsylvania at approximately 10:30 p.m. on that same night. The call included a description of [Barlip]'s vehicle, the direction he was traveling, suspicion that he had consumed alcohol, and that he was in possession of a firearm. After approaching [Barlip]'s vehicle, Trooper Duncan conducted a traffic stop and placed [Barlip] under arrest for simple assault, driving under the influence/unsafe driving, harassment, and disregard for traffic lights. During the traffic stop, he observed [an antique] pistol on the passenger seat. Trooper Duncan filed a criminal complaint on February 5, 2024.

A preliminary hearing was scheduled for February 21, 2024. On February 6, 2024, Trooper Duncan spoke with Assistant District Attorney Michael Stine about whether he could add a charge to the criminal complaint related to the pistol[, as Barlip is a person not permitted to possess a firearm because of a prior conviction]. Trooper Duncan was advised that he could charge [Barlip] with an additional count for person not to possess firearms and add it to the criminal complaint. However, prior to the preliminary hearing Trooper Duncan withdrew [all] the charges.

No further action commenced until January 13, 2025, on which date Trooper Duncan filed a new criminal complaint charging [Barlip] with: simple assault, driving under the influence, driving on roadways laned for traffic, and possession of firearm – prohibited. All these charges stemmed from the February 4, 2024, traffic stop and arrest. A preliminary hearing was held on February 26, 2025, at which time the Commonwealth amended the charges to include a count of strangulation. On June 25, 2025, [Barlip] filed his Rule 600 motion arguing that 507 days had elapsed from the time of the filing of the complaint on February 5, 2024, to June 25, 2025, and he was, therefore, entitled to dismissal of the charges.

Trial Court Opinion, 10/23/2025, at 2-3 (footnote omitted).

On August 21, 2025, the trial court held a hearing on Barlip's Rule 600 motion at which Trooper Duncan testified as the Commonwealth's sole witness and explained why nearly a year elapsed before the refiling of criminal charges

against Barlip. On October 23, 2025, following briefing from both parties, the trial court entered an order granting Barlip's Rule 600 motion and dismissing all charges against him with prejudice. The Commonwealth timely appealed to this Court and presents the following issue for review:

Whether the [trial court] abused its discretion by granting [Barlip]'s motion to dismiss pursuant to [Rule 600], specifically on the ground that the Commonwealth failed to exercise due diligence during the time period between the withdrawal of the original criminal complaint and the filing of the second criminal complaint[?]

Commonwealth's Brief at 4 (unnecessary capitalization omitted).

The Commonwealth argues that the trial court erred in granting Barlip's Rule 600 motion. *See id.* at 10-16. Specifically, it asserts that the trial court wrongly concluded that the Commonwealth failed to exercise due diligence in the time between the filing of the first and second criminal complaints against Barlip. *Id.* at 14. The Commonwealth contends that Trooper Duncan acted with due diligence with respect to the original complaint, as he filed the complaint he immediately following Barlip's arrest. *Id.* It states that Trooper Duncan continued to act with diligence after he withdrew the charges against Duncan and prior to the filing of the second complaint because he needed additional time to investigate whether it would be appropriate to charge Barlip with the firearms offense. *Id.* at 15-16.

We review Rule 600 decisions for an abuse of discretion. *Commonwealth v. Lear*, 325 A.3d 552, 557 (Pa. 2024). "A trial court does not abuse its discretion when it merely makes an error of judgment. Rather,

- 3 -

a court abuses its discretion if it misapplies the law or exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. Walker***, 331 A.3d 43, 46 (Pa. Super. 2025). "Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Id.*** (citation omitted).

"Rule 600 was adopted in order to protect defendants' constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution[.]" ***Commonwealth v. Womack***, 315 A.3d 1229, 1237 (Pa. 2024) (quotation marks and citation omitted). "Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution in criminal cases." ***Id.*** (citation omitted).

Rule 600 requires that a criminal defendant's trial commence within 365 days of the Commonwealth's filing of a written complaint. Pa.R.Crim.P. 600(A)(2)(a). When applying Rule 600, a court first must calculate the "'mechanical run date,' which is 365 days after the complaint was filed[.]" ***Lear***, 325 A.3d at 560 (citation omitted). The court then adds any "excludable time" to the mechanical run date "to produce the 'adjusted run date,' which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600." ***Id.*** With respect to excludable time, Rule 600 explains:

> For the purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

In **Lear**, our Supreme Court explained that that the Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence." **Lear**, 325 A.3d at 560. Put another way, where the Commonwealth is not the cause of the delay or the delay caused by the Commonwealth was not the result of a lack of due diligence, it must be excluded from the computation of the Rule 600 deadline. **Id.**

"[I]t is the Commonwealth's burden to demonstrate due diligence by a preponderance of the evidence to avail itself of an exclusion under Rule 600." **Womack**, 315 A.3d at 1239. "[D]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Id.** at 1239-40 (citation omitted).

In **Womack**, the Supreme Court held that "[w]here the Commonwealth files two different criminal complaints against a defendant, the Commonwealth receives the benefit of the filing date of the second complaint for Rule 600 purposes where it demonstrates that it acted with due diligence between the

period in which the complaints were filed." *Id.* at 1241. In such situations, the Commonwealth must "establish that the filing of the second complaint was necessitated by factors beyond its control and that its actions were not an attempt to circumvent or manipulate the speedy trial requirements." *Id.*

In the case at bar, there is no dispute that more than 365 days had elapsed since Trooper Duncan filed the original criminal complaint in this matter at the time Barlip filed his Rule 600 motion. *See* Commonwealth's Brief at 6. Additionally, the Commonwealth does not assert that any delay in filing the second criminal complaint is attributable to Barlip. *See id.* at 10-16. Thus, the sole question that remains is whether the Commonwealth acted with due diligence in filing the second complaint. *See Womack*, 315 A.3d at 1240-41.

The trial court explained its decision to grant Barlip's Rule 600 motion as follows:

> Here, [the court is] constrained to grant [Barlip]'s Rule 600 motion because Trooper Duncan's testimony reflects that the Commonwealth, as a result of his inaction, failed to exercise due diligence in bringing [Barlip] to trial within 365 days of the original complaint's filing on February 5, 2024. [The court does] not find that it is appropriate to afford the Commonwealth the benefit of the date of the second complaint filing because … the Commonwealth did not exercise its due diligence between the time period of the first and second complaint. Trooper Duncan specifically testified that he was aware of the statute regarding person not to possess a firearm and was able to review it at the time of the initial complaint, yet he made the decision not to charge Defendant with that crime. He admitted he could have contacted the on-call district attorney the night [Barlip] was arraigned and charged him with the firearm count in the original complaint, yet did not do so. Trooper Duncan did in fact speak

- 6 -

with the District Attorney's office on February 6, 2024, concerning adding the additional charge. Trooper Duncan testified he was aware he also could have added the additional charge at the time of the preliminary hearing on February 21, 2024; however, he instead chose to withdraw the charges entirely. He conceded that at the time the charges were withdrawn, he had all the information needed regarding the additional charge. From the time of the withdrawal of the original complaint until the filing of the new charges Trooper Duncan took no further action or investigation. He testified that he filed the new charges on January 13, 2025, only because his RMS system flagged the filing deadline as overdue.

[The court finds] that this does not meet the standard of due diligence. To his credit, Trooper Duncan candidly testified that the filing of the second complaint at such a late time was essentially due to mistake. We appreciate Trooper Duncan's candor and honesty about his error. While mistakes do happen, those mistakes do not abrogate [Barlip]'s constitutional right to a trial within 365 days. Such is a right that must be strictly enforced. The filing of the second complaint was not necessitated by factors outside the Commonwealth's control. [The court does] not find that the Commonwealth exercised its due diligence as required based on Trooper Duncan's credible testimony. The filing date of February 5, 2024, is the controlling date for purposes of bringing [Barlip] to trial. More than 365 days have passed.

Trial Court Opinion, 10/23/2025, at 5-6.

The record supports the trial court's findings. Trooper Duncan testified that he arrested Barlip for the offenses at issue on February 4, 2024, and filed the original criminal complaint the following day on February 5, 2024. N.T., 8/21/2025, at 8-9, 16. He explained that when he arrested Barlip, he found him in possession of an antique firearm, and based on his knowledge of Barlip's criminal history, knew that Barlip was not permitted to possess a firearm. *Id.* at 10, 16. The trooper was unsure whether he could charge Barlip with persons not to possess a firearm, however, as he did not know

whether the antique gun qualified as a firearm that Barlip was not permitted to possess. *Id.* Trooper Duncan further testified that he was able to speak with an assistant district attorney on February 6, 2024, who informed him that he could charge Barlip with persons not to possess a firearm based on Barlip's possession of the antique gun. *Id.* at 21.

Nonetheless, Trooper Duncan withdrew the original criminal complaint on February 20, 2024, and did not refile the second complaint until January 13, 2025—a period of nearly eleven months. *Id.* at 13. He conceded that he had all the information necessary on February 6, 2024, to charge Barlip with persons not to possess a firearm and that the normal process he would have followed under such circumstances was to withdraw the original complaint and immediately refile the new complaint in its place with the additional firearms charge or request amendment of the original complaint at the preliminary hearing. *Id.* at 22, 24-26. Throughout the entirety of his testimony, Trooper Duncan offered no explanation why it took him nearly eleven months to file the second criminal complaint other than that he forgot and had made a mistake. *See id.* at 28.

As Trooper Duncan was the Commonwealth's only witness, there is no basis to conclude that the Commonwealth acted with due diligence, i.e., that it put forth a reasonable effort to bring Barlip to trial in a timely manner. *See Womack*, 315 A.3d at 1239-40. Nothing in the Commonwealth's brief refutes the trial court's findings. Additionally, Trooper Duncan's testimony entirely

belies the Commonwealth's claim that the delay in filing the second criminal complaint was necessary so the trooper could investigate the viability of the persons not to possess a firearm charge. As the record supports the trial court's findings, we discern no abuse of discretion in the trial court's decision to grant Barlip's Rule 600 motion.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/27/2026